UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
PIETRO J. PARISI, JR.,        :
                              :
          Petitioner,         :    Civ. No. 21-14332 (NLH)
                              :
     v.                       :         OPINION
                              :
THE ATTORNEY GENERAL          :
OF THE STATE OF NEW JERSEY,   :
et al.,                       :
                              :
          Respondents.        :
_____:
```

APPEARANCES:

Pietro J. Parisi, Jr.
147556C 705
Special Treatment Unit
8 Production Way
P.O. Box 905
Avenel, NJ 07001

        *Petitioner Pro se*

Christine A. Hoffman, Gloucester County Prosecutor
Dana R. Anton, Acting Sr. Assistant Prosecutor
Gloucester County Prosecutor's Office
Hunter & Euclid Street
P.O. Box 623
Woodbury, NJ 08096

        *Counsel for Respondents*

HILLMAN, District Judge

        Petitioner Pietro J. Parisi, Jr., presently committed in

the Special Treatment Unit in Avenel, New Jersey is proceeding

on a petition for a writ of habeas corpus under 28 U.S.C. § 2254

alleging that he was denied the effective assistance of counsel

in connection with guilty pleas entered on August 9, 2010.  ECF
No. 1.  Respondents oppose the petition.  ECF No. 4.

Title 28 U.S.C. § 2254 permits a federal court to entertain
a petition for writ of habeas corpus on behalf of a person in
state custody pursuant to the judgment of a state court "only on
the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2254(a).  Under the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), the writ shall not issue with
respect to any claim that was adjudicated on the merits by a
state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding . . . .

28 U.S.C. § 2254(d).

Petitioner filed a post-conviction relief ("PCR") petition
on April 10, 2017.  ECF No. 4-14.  The PCR court denied the
petition without an evidentiary hearing on April 20, 2018.  ECF
No. 4-17.[1]  The New Jersey Superior Court, Appellate Division

---

[1] The order denying relief states the "motion for Post-Conviction

2

("Appellate Division") affirmed the PCR court, concluding that "the PCR judge correctly found defendant's petition was procedurally barred pursuant to Rule 3:22-12(a)." State v. Parisi, No. A-0544-18T4, 2020 WL 3481504, at *2 (N.J. Super. Ct. App. Div. June 26, 2020).  The New Jersey Supreme Court denied certification on October 8, 2020.  State v. Parisi, 239 A.3d 1033 (N.J. 2020) (Table).

The state courts never reached the merits of Petitioner's federal claims.  A federal court conducting § 2254 proceedings "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." Id.  The procedural default doctrine "applies to bar federal habeas when a state court declined to address a prisoner's

---

Relief and request for an evidentiary hearing are hereby DENIED, in accordance with the written opinion."  ECF No. 4-17. Respondent failed to include the written opinion in its appendix and will be ordered to file the written decision with its supplemental briefing.

federal claims because the prisoner had failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds." Id. at 729-30.

The Appellate Division concluded that "Defendant filed his PCR petition six years after the trial court's entry of the judgment of conviction.  Defendant did not produce any competent evidence to warrant the relaxation of this procedural impediment."  Parisi, 2020 WL 3481504, at *2.  This is a clear statement that Petitioner's PCR petition was being denied on state procedural grounds rather than federal law; however, neither party addressed Petitioner's presumptive procedural default or whether it could be excused.

"A State ordinarily is required to assert a procedural default in its answer if it intends to rely on that defense." Szuchon v. Lehman, 273 F.3d 299, 321 (3d Cir. 2001).  However, this Court has discretion to raise the issue sua sponte.  Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("It is now widely recognized that judges have discretion to raise procedural issues in habeas cases.").  See also Sweger v. Chesney, 294 F.3d 506, 520-21 (3d Cir. 2002) (whether claim is barred due to procedural default may be considered sua sponte), cert. denied, 538 U.S. 1002 (2003).  "[R]aising procedural habeas issues

4

furthers the interests of comity and federalism.  We have stated that, because these concerns are so important, it is not exclusively up to the parties to decide whether habeas procedural issues should be raised or waived."  <u>Long</u>, 393 F.3d at 403.

Petitioner asks this Court to vacate his guilty pleas and his criminal convictions.  "The power to convict and punish criminals lies at the heart of the States' 'residuary and inviolable sovereignty.'"  <u>Shinn v. Ramirez</u>, 142 S. Ct. 1718, 1730 (2022) (quoting The Federalist No. 39, p. 245 (C. Rossiter ed. 1961) (J. Madison)).  "Because federal habeas review overrides the States' core power to enforce criminal law, it 'intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority.'"  <u>Id.</u> at 1731 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).  "[P]rocedural default protects against 'the significant harm to the States that results from the failure of federal courts to respect' state procedural rules."  <u>Id.</u> at 1732 (quoting <u>Coleman</u>, 501 U.S. at 750).  These important considerations warrant the Court raising procedural default sua sponte despite Respondent's failure to assert the default in its answer.

The parties will be ordered to submit supplemental briefing on procedural default.  Respondent will submit its

supplement, including the PCR court's written decision, by February 24, 2023.  Petitioner may submit a response, including any arguments in favor of excusing procedural default, by March 20, 2023.[2]  Any reply is due March 27, 2023.

An appropriate Order follows.


Dated:  February 8, 2023              s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] "'Out of respect for finality, comity, and the orderly administration of justice,' federal courts may excuse procedural default only if a prisoner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'"  Shinn, 142 S. Ct. at 1733 (quoting Dretke v. Haley, 541 U.S. 386, 388 (2004); Coleman, 501 U.S. at 750).  "To establish cause, the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Murray, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis and omission in original).