```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
PIETRO J. PARISI, JR.,        :
                              :
          Petitioner,         :    Civ. No. 21-14332 (NLH)
                              :
     v.                       :    OPINION
                              :
THE ATTORNEY GENERAL          :
OF THE STATE OF NEW JERSEY,   :
et al.,                       :
                              :
          Respondents.        :
_____:
```

APPEARANCES:

Pietro J. Parisi, Jr.
147556C 705
Special Treatment Unit
8 Production Way
P.O. Box 905
Avenel, NJ 07001

   *Petitioner Pro se*

Christine A. Hoffman, Acting Gloucester County Prosecutor
Dana R. Anton, Acting Sr. Assistant Prosecutor
Michael C. Mellon, Acting Assistant Prosecutor
Gloucester County Prosecutor's Office
Hunter & Euclid Street
P.O. Box 623
Woodbury, NJ 08096

   *Counsel for Respondents*

<u>HILLMAN, District Judge</u>

   Petitioner Pietro J. Parisi, Jr., presently committed in the Special Treatment Unit in Avenel, New Jersey is proceeding on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that he was denied the effective assistance of counsel

in connection with guilty pleas entered on August 9, 2010.  ECF No. 1.  Respondents oppose the petition.  ECF No. 4.

For the reasons stated below, the petition will be dismissed as procedurally defaulted.  No certificate of appealability shall issue.

I. BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court, Appellate Division ("Appellate Division") in its opinion affirming the dismissal of Petitioner's post-conviction relief ("PCR") petition:

> Defendant's criminal history dates back to 1996 with convictions related to the sexual abuse of minors.  He has pled guilty on three separate occasions, all involving sexual abuse of minor girls.  He challenged each of these guilty pleas through motions to withdraw and PCR petitions.  All of these challenges have been rejected by the trial court and upheld on appeal.  The third and most recent PCR petition is the subject of this appeal.
>
> On February 2, 2015, when defendant was about to be discharged from a term of imprisonment imposed in 2010 for his conviction of second degree endangering the welfare of a child-distribution of pornography, N.J.S.A. 2C:24-4b(5)(a), the Attorney General filed a petition for civil commitment under the SVPA,[1] and the trial court

---

[1] The New Jersey Sexually Violent Predator Act, N.J.S.A. § 30:4-27.24 to -27.38.

simultaneously granted the State's request for a Temporary Civil Commitment Order pursuant to N.J.S.A. 30:4-27.24.

On April 27, 2015, the court held a hearing to determine defendant's commitment under the SVPA. The State's experts testified that defendant's "sexual offending history" included: (1) a guilty plea in 1996 to engaging in sexual activity with a twelve year old girl on three separate occasions; (2) a guilty plea in 2003 to having sexual intercourse with three minor girls between the ages of thirteen and fourteen years old, and impregnating one of them; and (3) a guilty plea in 2010 to possession of child pornography after law enforcement agents found a large file of pornographic images of children on his computer.

The court found the State proved, by clear and convincing evidence, that defendant had been convicted of a number of predicate acts under the SVPA; and that he continues to suffer from a psychiatric disorder that makes him a danger to the community, especially to prepubescent and pubescent girls. The judge entered a final civil commitment order.

On April 10, 2017, defendant filed a pro se PCR petition challenging his 2010 convictions. On February 2, 2018, an attorney assigned by the Office of the Public Defender to represent defendant in this matter filed an amended verified PCR petition. PCR counsel argued the attorney who represented defendant at the 2010 plea hearing provided him with ineffective assistance when the attorney "advised [defendant] could not be civilly committed after his sentence."

The PCR judge heard oral argument from counsel on April 20, 2018. The prosecutor characterized defendant's allegations impugning the effectiveness of the attorney who represented him 2010 were disingenuous. The prosecutor argued defendant was a shrewd individual who was well-experienced with the criminal justice system at the time he pled guilty in 2010. The prosecutor noted:

> [Defendant] has been on notice [of the potential for civil commitment] and that's why

> he said that at the hearing, [j]udge. He didn't say that because he truly wouldn't have pled guilty. He said that because he knew he was going to make this argument. This is a very savvy defendant who is very smart – I will give him that – and he set up his PCR at that plea.
>
> The PCR judge found defendant was procedurally barred from seeking PCR pursuant to Rule 3:22-12 because: (1) he filed this petition more than five years after the court entered the judgment of conviction; (2) did not present any basis from which to find excusable neglect; and (3) there is a no basis from which to find that enforcement of the time bar would result in a fundamental injustice. The PCR judge attached a memorandum of opinion to his order.

State v. Parisi, No. A-0544-18T4, 2020 WL 3481504, at *1–2 (N.J. Super. Ct. App. Div. June 26, 2020) (alterations in original). The Appellate Division affirmed the PCR court, concluding that "the PCR judge correctly found defendant's petition was procedurally barred pursuant to Rule 3:22-12(a)." Id. at *2. The New Jersey Supreme Court denied certification on October 8, 2020. State v. Parisi, 239 A.3d 1033 (N.J. 2020) (Table). Petitioner filed this § 2254 petition on July 29, 2021. ECF No. 1.

After Respondent filed their answer and Petitioner submitted a reply, the Court concluded that supplemental briefing on procedural default was necessary. ECF No. 11 (citing Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("It is now widely recognized that judges have discretion to raise

4

procedural issues in habeas cases."); Sweger v. Chesney, 294 F.3d 506, 520-21 (3d Cir. 2002) (whether claim is barred due to procedural default may be considered sua sponte), cert. denied, 538 U.S. 1002 (2003)).  Respondents submitted their supplement on February 23, 2023.  ECF No. 12.  Petitioner was permitted to submit a response, including any arguments in favor of excusing any procedural default, by March 20, 2023.  Id.  The Court has not received any response from Petitioner.

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the writ shall not issue with respect to any claim that was adjudicated on the merits by a state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on

>     an unreasonable determination of the facts in
>     light of the evidence presented in the State
>     court proceeding . . . .

28 U.S.C. § 2254(d).  A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[A] state-court decision is an unreasonable application of clearly established [Supreme Court] precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case."  White v. Woodall, 572 U.S. 415, 426 (2014).  "[A]n unreasonable application of federal law," however, "is different from an incorrect application of federal law."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410).  The Court must presume that the state court's factual findings are correct unless Petitioner has rebutted the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

III. DISCUSSION

The PCR court denied the Petitioner's PCR petition on procedural grounds without an evidentiary hearing on April 20,

6

2018.  ECF No. 12-2 at 2.  The Appellate Division agreed the PCR petition was procedurally barred and "affirm[ed] substantially for the reasons expressed by Judge Robert P. Becker, Jr. in his April 20, 2018 memorandum of opinion."  Parisi, 2020 WL 3481504, at *2.  The state courts never reached the merits of Petitioner's federal claims.

A federal court conducting § 2254 proceedings "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."  Id.  The procedural default doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds."  Id. at 729-30.

The Appellate Division concluded that the PCR petition was barred by New Jersey Court Rule 3:22-12, which states in

7

relevant part that

> no petition shall be filed pursuant to this rule more than 5 years after the date of entry . . . of the judgment of conviction that is being challenged unless: it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

N.J. Ct. R. 3:22-12(a)(1)(A). "Defendant filed his PCR petition six years after the trial court's entry of the judgment of conviction. Defendant did not produce any competent evidence to warrant the relaxation of this procedural impediment." Parisi, 2020 WL 3481504, at *2. This is a clear statement that the state courts denied Petitioner's PCR petition on state procedural grounds rather than federal law.

"'Out of respect for finality, comity, and the orderly administration of justice,' federal courts may excuse procedural default only if a prisoner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'" Shinn v. Ramirez, 142 S. Ct. 1718, 1733 (2022) (quoting Dretke v. Haley, 541 U.S. 386, 388 (2004); Coleman, 501 U.S. at 750). "To establish cause, the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 488

8

(1986)).  To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  <u>Murray</u>, 477 U.S. at 494 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (emphasis and omission in original).

   Petitioner declined to submit a response to the Court's Order regarding procedural default, but Petitioner argued before the Appellate Division that "[t]he date of the relevant judgment of conviction was January 31, 2011.  However, the order for temporary civil commitment pursuant to N.J.S.A. 30:4-27.24 was not granted until January 13, 2015.  Moreover, the order for Final Commitment was granted on or about April 27, 2015."  ECF No. 4-20 at 46.  The Appellate Division agreed with the PCR court's determination that "Defense's argument that he did not discover the factual predicate for his PCR until years after his judgment of conviction fails. . . . Defendant has been aware he was subject to civil commitment since his previous convictions in 2003."  ECF No. 12-5 at 25.  "[T]he 2010 convictions are not predicate offenses triggering the SVPA, [but] Defendant's incarceration triggered a re-evaluation of his risk to the community.  Because Defendant previously pled to an offense that

9

DID qualify him to [sic] civil commitment, he is subject to re-evaluation any time he is incarcerated and approaching release into the community." Id. at 12. "Defendant's 2010 plea did not subject him to civil commitment. Defendant's prior convictions were the reason he is subject to civil commitment. Defendant acknowledged he was aware that he was subject to civil commitment." Id. at 25(emphasis in original). Nothing in the record before the Court suggests this conclusion is unreasonable. Petitioner procedurally defaulted before the state courts, and the Court will dismiss his habeas petition accordingly.

IV. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

10

of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as procedurally defaulted is correct.

V. CONCLUSION

For the above reasons, the Court will dismiss the habeas corpus petition as procedurally defaulted. A certificate of appealability shall not issue.

An appropriate Order follows.


Dated: April 6, 2023                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

11